IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADHI PARASAKTHI CHARITABLE, MEDICAL, EDUCATIONAL, AND CULTURAL SOCIETY OF NORTH AMERICA : Plaintiff, : v. : TOWNSHIP OF WEST PIKELAND, : Defendant. | CIVIL ACTION No. 09-cv-1626 |

**MEMORANDUM AND ORDER**

**Joyner, J.**                                           **January 13, 2010**

This case is now before the Court on Plaintiff's Motion for a Protective Order and to Quash Nine Subpoenas Issued by Defendant (Doc. No. 29), Defendant's Motion to Enforce Subpoenas (Doc. No. 30), and Defendant's Motion to Overrule Objections and Compel Additional Discovery Responses (Doc. No. 28). For the reasons set forth below, Plaintiff's Motion for Protective Order and to Quash Subpoenas is DENIED, Defendant's Motion to Enforce Subpoenas is DENIED, and Defendant's Motion to Overrule Objections and Compel Additional Discovery Responses is GRANTED.

**Factual Background**

This case was filed on April 17, 2009. The Rule 16 Conference was held on June 24, 2009, and at that time, this

1

Court entered a scheduling order that required all discovery to be completed by October 26, 2009. On October 19, 2009, this Court granted an additional 60 days for discovery, which expired on December 26, 2009.

The parties have two main areas of dispute. The first is over nine subpoenas duces tecum issued by Defendant, requesting the presence of members of Plaintiff's Executive Committee for depositions. The second is Plaintiff's response to Defendant's first set of interrogatories and requests for documents.

Plaintiff has filed a Motion for Protective Order and to Quash Nine Subpoenas Issued by Defendant (Doc. No. 29), and Defendant has filed a Response to this Motion (Doc. No. 33). In this Motion, Plaintiff states that eight of the nine individuals subpoenaed live outside of this Court's jurisdiction and more than 100 miles from this courthouse, and, therefore, are beyond the reach of a subpoena issuing from this Court. Although it does not provide addresses for the individuals, Plaintiff states that one lives in Texas, one in Virginia, four in New York, one in Wisconsin, one in Maryland, and one in Pennsylvania. Plaintiff also maintains that the subpoenas duces tecum—requesting any and all documents relating to Plaintiff's commencing litigation against Defendant and relating to a specific property in Chester Springs, Pennsylvania—place an undue burden on these witnesses. It claims that the information sought

is not relevant to the litigation, that Defendant is trying to force these witnesses to travel a long distance with these documents, and that all of this information is available to Defendant through other sources.

Defendant has filed a Motion to Enforce Subpoenas (Doc. No. 30), and Plaintiff has filed a Response in Opposition (Doc. No. 34). Defendant claims that all nine of the people who it is seeking to depose were identified by Plaintiff as potential witnesses in its answer to Defendant's interrogatories. Defendant maintains that it does not intend to depose witnesses who reside over 100 miles from this courthouse, but states that, to this date, the only address that it has for these witnesses is the one provided by Plaintiff in its answer to Defendant's interrogatories: a P.O. box in Blue Bell, Pennsylvania, a town approximately 20 miles northwest of this courthouse. Defendant further notes that it did not demand that the witnesses appear for deposition in Philadelphia, but offered several locations from which the witnesses could choose to attend.

In addition to seeking discovery through depositions, Defendant submitted its First Requests for Production of Documents and its First Set of Interrogatories to Plaintiff on July 28, 2009. Plaintiff submitted its answers on December 2, 2009, objecting to many of the questions and not providing any documents. Defendant requests that this Court overrule these

objections and compel Plaintiff to respond (Doc. No. 28).

Plaintiff's objections can be grouped into three major categories.  First, Plaintiff makes a blanket objection to 12 of the interrogatories with the statement "Objection, relevance, overbroad, over burdensome and not calculated to lead to the discovery of admissible evidence."  Second, Plaintiff refused to answer Interrogatories 21 through 25 on the grounds that, due to the subparts contained in Interrogatory 20, these questions are beyond the number of interrogatories allowed by Federal Rule of Civil Procedure 33.  Third, Plaintiff has, to this point, refused to provide any documents because it asserts that all documents that actually do exist are already in the possession of Defendant following a Zoning Board meeting.

Defendant asks us to overrule all of these objections, and also to compel more satisfactory responses to several questions that were not responsively answered.  Defendant claims that not only are all of these objections without legal merit, but also that these objections are not supported by the facts of this case.  In response to the document requests, for example, Defendant points to testimony given at a December 18th deposition, in which one of Plaintiff's witnesses stated that Plaintiff never looked for any of the documents requested by Defendant, and that e-mails were exchanged that are responsive to Defendant's discovery request.  (Reply Br. of W. Pikeland Twp. in

Further Supp. of Mot. to Overrule Pl.'s Dec. 2, 2009 Objections and Compel Appropriate Disc. Resps. at 2-3.) Defendant urges this Court to use this testimony as grounds for doubting Plaintiff's statements that certain documents do not exist or that Plaintiff has already provided all responsive documents.

## Standard

Federal Rule of Civil Procedure 26(b)(1) allows parties to conduct discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." The purpose for allowing such broad discovery is to allow the parties to prepare for trial. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). Included among the methods permitted for discovery are oral deposition, Fed. R. Civ. P. 30, interrogatories, Fed. R. Civ. P. 33, and requests for the production of documents, Fed. R. Civ. P. 34. If a party fails to respond or provides an evasive or incomplete response to proper discovery requests, the court where the action is pending has the authority to issue an order compelling a response. Fed. R. Civ. P. 37(a)(3)-(4).

## Discussion

**Subpoenas**

Federal Rule of Civil Procedure 45(a)(2)(B) requires that a subpoena issue from "the court for the district where the deposition is to be taken." In addition, Rule 45(c)(3)(A)(ii) instructs a court to quash a subpoena if it "requires a person

who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Rule 45(b)(1) directs that service of a subpoena be made by "delivering a copy to the named person." A majority of courts have held that this means that service must be made in person, and that service by mail is insufficient. Parker v. John Doe #1, No. 02-7215, 2002 WL 32107937, at *2 (E.D. Pa. Nov. 21, 2002). Service can be made within the district of the issuing court, within 100 miles of the place where the deposition is to be taken, within the state of the issuing court if a state statute provides for such, or at any place that the court "authorizes on motion and for good cause, if a federal statute so provides." Fed. R. Civ. P. 45(b)(2).

If, in addition, the party is seeking a protective order, the burden of justifying that the material should not be discoverable is on the party seeking the protective order. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). Such a showing must be made with specificity. Id.

Plaintiff's Motion for Protective Order and to Quash Subpoenas

Plaintiff's Motion to Quash the Subpoenas should be denied.

Plaintiff's ground for requesting that the subpoenas be quashed is that they require the witnesses to travel more than 100 miles to attend the depositions.  Under Federal Rule of Civil Procedure 45(c)(3)(A)(ii), however, the 100 mile limitation only applies to those who are neither parties nor officers of a party.  The nine individuals here are members of Plaintiff's Executive Committee.  Given the fact that all of these witnesses are members of Plaintiff's Executive Committee and that Plaintiff has not given us reason to believe otherwise, we will presume that they are officers of Plaintiff.[1]  They can, therefore, be required to travel more than 100 miles to participate in a deposition.

Further, Plaintiff's other objections are not sufficiently supported to provide the basis for quashing the subpoenas or granting a protective order.  There is no indication that these subpoenas were issued to delay the proceedings or harass Plaintiff; all nine individuals were listed by Plaintiff as potential witnesses at trial, and, therefore, clearly possess information that Plaintiff considers to be relevant to this case.  Further, Plaintiff cannot expect Defendant to accept Plaintiff's

---

[1] At this point, we do not have sufficient information on Plaintiff's organizational structure to know with certainty that this is the case.  Given the fact that this is Plaintiff's Executive Committee, however, and features members from across the country, it seems plausible that this Committee operates, as its name would suggest, as a body with managing authority of Plaintiff.  Further, Plaintiff is the party in this case that controls the information about the functioning of the Executive Committee and is the party who is resisting production of the witnesses.  We think it appropriate, therefore, to require Plaintiff to demonstrate that its Executive Committee is not made up of its officers if it wishes to require Defendant to issue a subpoena in order to compel these individuals' presence at a deposition.

word for the fact that all information possessed by these nine individuals is otherwise available. Plaintiff does not inform Defendant of where this information might be available or seek to demonstrate the truth of this statement in any way. Defendant has a right to conduct depositions, regardless of whether Plaintiff believes that they are necessary. Finally, Plaintiff has not made any allegations that support a finding that it is an undue burden on these individuals to appear for deposition and to bring the documents requested. Rather, Plaintiff merely makes this as a conclusory allegation, which is insufficient to provide the basis for either quashing the subpoenas or granting a protective order.

Given the fact that Defendant appears to have a right to require these individuals to travel over 100 miles for a deposition, and that Plaintiff has not established that there is any other ground to quash the subpoenas or issue a protective order, this Court must deny Plaintiff's Motion for Protective Order and to Quash the Subpoenas.

Defendant's Motion to Enforce the Subpoenas

Even though we have denied Plaintiff's Motion to Quash the Subpoenas, we are not in a position to enforce the subpoenas either. As noted above, a subpoena must be properly served to be enforceable. Because Defendant served the subpoena by mail, it did not deliver a copy to the named person as required by Rule

45(b)(1). Although Defendant cannot be faulted for not properly serving the individuals because Plaintiff failed to adequately respond to Defendant's interrogatories, Defendant's lack of fault does not provide this Court with grounds to enforce subpoenas that have not been properly served. Defendant's Motion, therefore, must be denied.

To the extent that these nine individuals are officers, directors, or managing agents of Plaintiff, however, no subpoena is necessary. Under Rule 37(d)(1)(A)(I) sanctions may be ordered against a party if that party's officer, director, or managing agent fails to appear for a deposition "after being served with proper notice." This is because a subpoena is only necessary to compel compliance with the discovery rules for a nonparty. 9A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2452 (3d ed. 2008). As noted above, we will operate under the presumption that the members of Plaintiff's Executive Committee are officers, directors, or managing agents of Plaintiff. Upon proper notice pursuant to Federal Rule of Civil Procedure 30(b), therefore, Plaintiff should make these nine individuals available for deposition even in the absence of an enforceable subpoena.

**Interrogatories and Document Production**

Federal Rule of Civil Procedure 33(a)(1) allows each party to serve up to twenty-five interrogatories on the opposing party,

"[u]nless otherwise stipulated or ordered by the court." These interrogatories may relate to anything that is nonprivileged and relevant to a claim or defense. Fed. R. Civ. P. 33(a)(2); id. 26(b). If the answering party objects to any of these questions, the "grounds for objection must be stated with specificity." Id. 33(b)(4). Importantly,

> the mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive."

Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). Further, when asserting a privilege, the party must expressly claim the privilege and must describe the contents of the privileged document or communication in a manner sufficient to allow the other party and the court to assess the applicability of the claimed privilege. Hall v. Harleysville Ins. Co., 164 F.R.D. 406, 407 (E.D. Pa. 1996).

Under Federal Rule of Civil Procedure 34(a)(1), a party can request documents that are nonprivileged and relevant to a claim or defense. The request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 45(b)(1)(A). The party resisting production has the burden of showing that the documents requested are not relevant. S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.,

No. 90-1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991).

<u>Plaintiff's Blanket Objections</u>

As an initial matter, all of Plaintiff's objections fail to be stated with sufficient particularity or specificity. First, Plaintiff opens its answer to Defendant's Interrogatories with a series of general objections that it seeks to incorporate into each of its answers. None of these objections do more than state that Plaintiff objects to each of the interrogatories to the extent that they seek privileged, confidential, or irrelevant information. In addition, at the start of Interrogatories Number 4-7, 9, 11, 14, and 16-20, Plaintiff states "Objection, relevance, overbroad, over burdensome and not calculated to lead to the discovery of admissible evidence." In none of these circumstances, however, does Plaintiff provide any support for these assertions. Plaintiff never makes a statement that implicates or develops any of these objections or leads this Court to believe that there is grounds for sustaining any of these objections. All of these introductory objections, therefore, fall far short of the standard required to object to an interrogatory, and should not be upheld.

In addition, even if the objections were properly raised to any of the interrogatory requests, there is no facially apparent reason to uphold any of them. To provide just one example of a question to which Plaintiff objects, Defendant requests Plaintiff

to identify the provisions of the West Pikeland Township Zoning Ordinance that, according to Plaintiff's Complaint, treat religious and non-religious assembly uses differently.  In response, Plaintiff objects on grounds of relevance, breadth, and burden.  It is difficult to understand how this concise question that goes directly toward the Plaintiff's prima facie case is irrelevant, overbroad, or overburdensome.  Plaintiff's objections to Defendant's other interrogatories are similarly confusing to this Court.  After reading Defendant's interrogatories, they all certainly seek information that would be relevant to the dispute at hand, and are calculated to lead to the discovery of admissible evidence.  In addition, none of the requests appear on their face to be overbroad or overburdensome, and Plaintiff makes no statement to convince this Court that the contrary is true.  All of Plaintiff's blanket objections, therefore, must be overruled.

<u>Plaintiff's Objection to the Number of Interrogatories</u>

Plaintiff also objects to Interrogatories 21 through 25 as being excessive under Federal Rule of Civil Procedure 33(a)(1).  Plaintiff claims that because Interrogatory 20 has six subparts, Defendant exceeds the 25 interrogatories allotted by Federal Rule of Civil Procedure 33(a)(1) when it asks Interrogatory 20(e).  Plaintiff, therefore, refuses to answer any questions following Interrogatory 20(e).  Defendant argues both that "subsidiary

12

instructions to the interrogatories" are not additional interrogatories, New Park Entm't LLC v. Elec. Factory Concerts, Inc., No. 98-775, 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000), and that the parties stipulated to serving up to 40 interrogatories.

As an initial matter, the parties have stipulated to 40 interrogatories. In a document titled "Joint Stipulation" and signed by counsel for both parties, this limit is clearly set forth. (Ex. C to Def.'s Mot. to Overrule Objections and Compel Additional Disc. ¶ 9(a).) In this case, even if each subpart to Defendant's interrogatories was considered a separate question, the total number of interrogatories would still only be 33. Because the parties stipulated to 40 interrogatories, we need not determine whether each subpart constitutes a separate interrogatory, as Defendant has not exceeded the number allowed. Plaintiff's objection to Interrogatories 21-25, therefore, is overruled, and Plaintiff is ordered to provide answers to these questions.

Defendant's Objection to Plaintiff's Answers to Interrogatories

The final area of disagreement over the interrogatories is Defendant's contention that Plaintiff did not fully or directly answer many of the questions. Although Plaintiff objected to almost every question asked, it did proceed to answer almost every question in some fashion. Many of these answers were

13

"evasive or incomplete," and provide grounds for this Court to order a direct response. Some examples of answers with deficiencies will be discussed individually below.

One of the most common issues with Plaintiff's answers is that they answer one part of the Interrogatory without answering other parts. For example, although Interrogatory 13 requests information on any temples "owned, operated or utilized" by Plaintiff or its congregants, Plaintiff's response only addresses those temples <u>owned</u> by Plaintiff, and makes no mention of any of Plaintiff's congregants. There are similar problems with Plaintiff's answers to Interrogatories 4, 6, 8, and 14. Plaintiff must fully and completely answer all parts of Defendant's interrogatories, and cannot simply answer those parts that are easiest or that it deems most relevant.

Another common problem with Plaintiff's answers is that they do not answer the question that Defendant asked. Interrogatory 7, for example, asks Plaintiff to explain why other land is <u>not</u> suitable for Plaintiff's religious needs. In response, Plaintiff simply answers why the plot of land that it has selected <u>is</u> suitable. Similarly, Interrogatory 9 asks Plaintiff to specify what costs it will have if it is not allowed to begin building on its current site. Plaintiff's answer, however, only addresses expenses that have already been paid and does not make any mention of any anticipated future expenses. Finally, in

14

Interrogatory 3, Defendant requests names, addresses, and phone numbers for individuals who have performed services, but the phone number provided by Plaintiff is for Plaintiff's attorney and not for the individual identified.

Other answers by Plaintiff are simply utterly insufficient. Plaintiff's answers to Interrogatories 5, 17, and 18 are incredibly vague, and could easily be developed more fully without requiring extensive research or placing an undue burden on Plaintiff. Further, Plaintiff's answer to Interrogatory 12, which requests names and addresses of all of the members of the Executive Committee of ACMEC of North America, provides the same P.O. box number in Blue Bell, Pennsylvania as the address for all nine members. In Plaintiff's Motion to Quash the subpoenas issued by Defendant to these nine individuals, however, Plaintiff asserts that only one of the members lives in Pennsylvania. Clearly, Plaintiff's response to this interrogatory is lacking.

Finally, Plaintiff simply refuses to answer Interrogatories 15 and 20 because it insists that it has already answered these questions for Defendant. The fact that Plaintiff may have provided this information to the Town Zoning Board on a previous occasion, however, does not excuse Plaintiff from again listing the information requested. If Plaintiff has already compiled this information, it should not be burdensome to again provide it. Further, the information provided during discovery in a

15

federal court must be verified, which presumably was not the case when the information was provided to the zoning board. Both of these reasons favor requiring a response to these interrogatories.

We emphasize that the above list is by no means exhaustive of the Interrogatories that were insufficiently answered or the ways in which Plaintiff's answers were deficient. Instead, we provide the above analysis to demonstrate to Plaintiff examples of their deficiencies in hopes of allowing Defendant to receive a more satisfactory response and to avoid having to impose sanctions. Defendant's request to overrule Plaintiff's objections should, therefore, be granted, and Plaintiff must answer all of Defendant's interrogatories. In doing so, Plaintiff is to provide a full and complete answer to all parts of Defendant's questions.

<u>Defendant's Objections to Plaintiff's Document Production</u>

Defendant claims that Plaintiff has provided no documents in response to the Document Requests. As it did in response to the interrogatories, Plaintiff makes blanket objections to all of the document requests as being irrelevant, overburdensome, and overbroad. These objections, again, are insufficiently raised, as they do not even attempt to explain why or how the document requests are irrelevant, overburdensome, or overbroad.

As it did in its response to Defendant's interrogatories,

Plaintiff proceeded to respond to the request after making its objections. These responses, however, are insufficient. The most common reason for failing to provide any documents is that the documents are already in Defendant's possession. Plaintiff's ground for objecting to Requests 1, 2, 5, and 6 is that Plaintiff already provided these documents to Defendant before the Zoning Board hearings that were held in late 2008 and into early 2009. Plaintiff also states that it knows that Defendant already has the documents specified in Requests 11 through 18 because Defendant has "produced and provided [them] to Plaintiff in response to Plaintiffs [sic] request for documents." That Plaintiff believes that Defendant is already in possession of the requested documents is not grounds for refusing to provide the documents, so long as Plaintiff does still have a copy of these documents. As Defendant notes, there might be other documents in addition to the ones previously produced that are now available, and there might be nonprivileged notations on some of the documents that have been added since the time that Defendant was first provided with a copy. Further, as these documents were provided to Defendant before litigation began, it is quite possible that Defendant did not retain some or all of these documents. Finally, Defendant is an entity and not an individual person. The fact that the Zoning Board has been provided with these documents does not mean that those representing Defendant

17

in the present litigation also have a copy of these documents. Plaintiff must provide copies of the requested documents to Defendant, regardless of whether it believes that Defendant already possesses the documents.

In addition, Plaintiff's responses to Requests 3, 4, and 7 are insufficient. All three of these responses read as if they are responses to an interrogatory rather than to a request for production of documents. Request 3 asks for federal and state tax filings for the last 5 years, including any requested certification as a 501(c) tax-exempt organization or any filing in which Plaintiff claimed 501(c) tax-exempt status. Plaintiff responds that it is a 501(c)(3) tax-exempt organization, and asserts that this excuses Plaintiff from filing taxes. Plaintiff does not, however, include a copy of its application for 501(c)(3) status. Similarly, Request 4 asks for any proposals, quotes, contracts, or agreements between Plaintiff and any individual for the performance of work on the proposed facility. Plaintiff responds that it has already paid for a sculpture, but does not provide any contract or other document from the sculptor, nor does it claim that no such document exists. Finally, Request 7 asks for any documents that discuss Plaintiff's search for an alternate site from the property that they purchased. Plaintiff responds by stating that once it purchased the land it did not consider any alternate sites.

Again, however, this is not responsive to the request, as Plaintiff's Complaint states that Plaintiff, at one time, was considering forty-five potential sites. Any document discussing these potential sites would be responsive to Request 7. Plaintiff's own statements, either in response to the document requests or in other filings before this Court, lead this Court to believe that documents exist that would be responsive to the request, but that were not produced. Plaintiff, therefore, must produce the requested documents.

Finally, Plaintiff's response to Request 10 is deficient. Defendant requests reports and curriculum vitae for any expert witnesses who will testify at trial on Plaintiff's behalf. Plaintiff responds by stating that it will comply with this Court's Order regarding expert discovery, but does not provide the requested documents. As noted above, however, all discovery, including the production of expert reports, was due to be completed by December 26, 2009. If Plaintiff still has not provided these documents, therefore, it must do so.

In summary, Plaintiff's responses to Defendant's Requests for Production indicate that documents exist, or at least may exist, that have not been produced and that are responsive to Requests 1 through 4 and 7 through 18. Plaintiff, therefore, is hereby ordered to produce these documents.

## Conclusion

Plaintiff's Motion to Quash the Subpoenas is denied because the individuals to whom the subpoenas are addressed are presumably officers of Plaintiff, and, therefore, a subpoena can compel attendance at a deposition over 100 miles from that person's place of residence.  Further, Plaintiff's Motion for a Protective Order is denied as Plaintiff has not provided this Court with any factual basis to grant one.  Defendant's Motion to Enforce the Subpoenas is also denied as there has not yet been proper service of the subpoenas, although a subpoena should not be necessary to require these individuals' presence at a deposition.  In regard to Plaintiff's objections to Defendant's Interrogatories and Document Requests, all of Plaintiff's objections should be overruled; Plaintiff does not properly raise or support any of these objections, and Defendant's requests appear reasonable and relevant.  Defendant's Motion to Compel Additional Discovery Responses, therefore, is granted.  Should Plaintiff fail to comply with this Court's Order, we will impose sanctions pursuant to Federal Rule of Civil Procedure 37, including possible dismissal of the action under Rule 37(b)(2)(A)(v).