IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADHI PARASAKTHI CHARITABLE,            :
MEDICAL, EDUCATIONAL, AND              :
CULTURAL SOCIETY OF NORTH AMERICA,     :   CIVIL ACTION
                                       :
            Plaintiff,                 :   No. 09-cv-1626
                                       :
      v.                               :
                                       :
TOWNSHIP OF WEST PIKELAND,             :
                                       :
            Defendant.                 :

**MEMORANDUM AND ORDER**

**Joyner, J.**                                      **March 17, 2010**

This case is before the Court on Plaintiff's Motion to Compel Discovery (Doc. No. 41). For the reasons set forth in the attached Memorandum, Plaintiff's Motion shall be GRANTED in part and DENIED in part.

**Factual Background**

The factual background of this case has been set forth in this Court's prior orders, and only a brief summary will be provided here. Plaintiff filed the present action on April 17, 2009. This Court entered a Scheduling Order on June 29, 2009, establishing the deadlines for discovery, and making all fact discovery due by October 26, 2009. Plaintiff was then to provide Defendant with expert reports by November 16, 2009, and Defendant was to provide Plaintiff with expert reports by December 16,

1

2009. Expert discovery was to be completed by January 15, 2010. This Court then entered an Amended Scheduling Order on October 19, 2009, providing the parties with an additional 60 days to complete discovery, and extending all deadlines contained in the prior order accordingly.

Plaintiff served its First Interrogatories and Request for Production of Documents on July 2, 2009. After a series of extensions of deadlines from Plaintiff, including a period during which the attorneys explored the possibility of settlement, Defendant provided its response to interrogatories and document requests on October 28, 2009. In addition, Defendant provided Plaintiff with its electronic discovery on December 24, 2009, and supplemented its responses on December 28, 2009. Finally, on some unknown date, Plaintiff filed, and Defendant responded to, Plaintiff's Second Request for Production of Documents.

On February 9, 2010, Plaintiff filed its Motion to Compel,[1] listing a series of problems with Defendant's responses to discovery. Plaintiff's complaints can roughly be grouped into three categories: first, Plaintiff asserts that many of its

---

[1] As an aside, we feel compelled to comment on Plaintiff's submissions to this Court. These submissions have been so riddled with misspellings, typographical errors, fragmented sentences, and ambiguities that it has become clear that Plaintiff's attorneys simply are not taking the time necessary to review their submissions before filing them with the Court. Although we understand that mistakes are inevitable, the blatant errors that litter Plaintiff's submissions—including, for example, the very first word of Plaintiff's Reply Brief on the instant motion—are simply unprofessional, inappropriate, and unacceptable. Going forward in this case, Plaintiff's attorneys are advised to submit only final products rather than what can most accurately be referred to only as drafts.

interrogatories and document requests remain unanswered; second, Plaintiff believes that there are serious issues with electronic discovery that must be addressed; and third, Plaintiff contests, largely on procedural grounds, Defendant's raising of privilege in response to several discovery requests.

## Standard

Discovery in the federal courts is outlined by Federal Rule of Civil Procedure 26. Under this rule, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The rules then provide for several specific methods of discovery, including by request for production of documents, Fed. R. Civ. P. 34, and by interrogatory. Fed. R. Civ. P. 33. In responding to interrogatories, a party must either answer the interrogatory or object with specificity to the request. Fed. R. Civ. P. 33(b)(3)-(4). Similarly, in responding to a request for production of documents, a party must "state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(a)(2)(B). As with interrogatories, an "incomplete or evasive" response to document-production requests is considered a failure to disclose. Fed. R. Civ. P. 37(a)(4). A party may object to discovery requests for any of the reasons listed in Rule 26(b)(1)(C), which include, but are not limited to, that the

discovery is cumulative, duplicative, or the benefit of the discovery outweighs the burden of obtaining the information. If the party does not properly object to the interrogatory, the objection is waived unless the court decides to excuse the failure. Fed. R. Civ. P. 33(b)(4). When discovery requests are not answered or are incompletely answered, the requesting party may seek an order from the appropriate court compelling responses. Fed. R. Civ. P. 37(a).

## Discussion

**Interrogatories and Document Requests**

Plaintiff claims that Defendant has inadequately responded to Interrogatories 2 through 4, requests for document production 4 through 7, and second requests for document production 1, 4, 5, and 7. In addition, Plaintiff seeks to re-depose several individuals, as Defendant allegedly did not inform these deponents to bring the documents requested by Plaintiff to their depositions.

As an initial matter, Plaintiff appears to argue that Defendant has waived all objections, as they were not timely filed. In its Motion to Compel, Plaintiff states that, because Plaintiff did not object within 30 days as required by the Federal Rules of Civil Procedure, all objections have been waived. This contention is without merit. Plaintiff has not alleged that Defendant was untimely in filing its answers to

4

interrogatories, as several extensions were granted for Defendant to do so. As Federal Rule of Civil Procedure 34(b)(2)(A) explicitly states that a "shorter or longer time period may be stipulated to," there is no hard-and-fast requirement that Defendant respond within 30 days. In this case, Plaintiff and Defendant agreed to an extensive delay in Defendant's time to respond as they pursued a settlement, and it appears that the parties chose not to set a specific date by which Defendant's responses were due. Defendant appears to have complied with the parties' agreed-upon time frame, filed its answers before the discovery period concluded, and raised its objections at the same time that it answered the interrogatories. Defendant's objections, therefore, were not waived.[2]

Interrogatories 2-4

We will begin with Interrogatories 2 through 4. As we believe that Defendant has fully answered these interrogatories, no order will be issued to compel further responses to these. Looking first at Interrogatory 2, Plaintiff finds fault with Defendant's failure to disclose the subject matter about which

---

[2] Although not entirely clear, it appears that Defendant might contend that this Court's Scheduling Order extended Defendant's deadline for responding to interrogatories until the conclusion of fact discovery, no matter when Plaintiff served its interrogatories. To the extent that Defendant's response advocates this position, it is without merit. This Court's Order merely required that Plaintiff serve its interrogatories early enough to allow Defendant to respond before fact discovery ended, and prevented the parties from extending Defendant's time to respond beyond this deadline. It was not this Court's Scheduling Order, but the agreements between Plaintiff and Defendant that extended Defendant's time to respond to interrogatories.

each expert was expected to testify. The interrogatory, however, explicitly asked about those "expected" to testify and the subject matter about which these witnesses were "expected" to testify. Defendant answered the interrogatory to the best of its ability at the time that the question was asked, stating that it had not yet made any determinations about expected witnesses, and later supplemented its response by providing Plaintiff with an expert report. Not only does this response fully answer the question asked, but Plaintiff cannot claim prejudice for not immediately receiving a substantive response. This Court's prior Order set the deadline for expert discovery, and Plaintiff cannot unilaterally alter this Order and move up this deadline simply by requesting the information via interrogatory.[3] We, therefore, do not see a need for any order on this interrogatory.

Turning to Interrogatory 3, Plaintiff requested the names of any people having information about Defendant's Answer or Affirmative Defenses, as well as any statements or discussions with potential witnesses. Defendant initially simply referred Plaintiff to its initial disclosures, as Rule 26(a)(1)(A)(i) requires the disclosure of "each individual likely to have discoverable information." When Plaintiff followed up with Defendant, it was informed that Defendant had not yet taken

---

[3] We will address Plaintiff's Motion to Strike Experts in a separate order. For the purposes of this Memorandum we take no position on whether Defendant timely filed its expert reports, but merely find that Defendant was not at fault in its answers to interrogatories concerning the experts.

witness statements or considered potential witnesses.  Defendant later filed its Supplemental Answers, and at that point listed 8 potential experts and 45 additional potential lay witnesses.  Similarly to Interrogatory 2, therefore, Plaintiff has received a complete response to its question; the interrogatory asked for any individuals "known or believed by you" to have knowledge, and Defendant cannot be faulted for not providing a complete list immediately, so long as it supplemented its answers as knowledge became available.  Because there has been a complete answer, no order compelling a further response to this interrogatory is necessary.

Finally, Defendant fully answered Interrogatory 4, which asked for all evidence relied upon by Defendant when it denied Plaintiff's requested use of the property, and specifically for any of that evidence that constituted a legitimate government interest or related to Defendant using the least restrictive means of achieving this interest.  Defendant stated that it relied only on the information presented to it at the hearings, and provided a copy of the transcripts, exhibits from the hearings, and the written decision.  As Defendant has since pointed out, Pennsylvania law requires that the zoning board's decision be limited to the evidence presented before it.  Further, Plaintiff's request only asks for information relating to a legitimate government interest or a least restrictive means

of achieving that interest to the extent that it was relied upon by Defendant in making its decision. Defendant, therefore, in providing the materials listed, has completely responded to this question. Given that Defendant has fully answered Plaintiff's interrogatories, this Court will not issue a motion to compel additional responses.

Document Requests

Turning to the document requests, the majority of these also seem to have been appropriately answered. We will address each allegedly deficient response in turn, below. First, Plaintiff states that Defendant has not provided any documents in response to its First Request 4, which requested any documents provided to a witness. Similarly to Interrogatory 2, this request, however, attempted to obtain information that was forthcoming in Defendant's expert reports. To the extent that this document request sought to obtain this information before the expert reports were due, it was acceptable for Defendant to wait until the submission of these reports to disclose the documents. Further, Defendant has informed Plaintiff that no documents were provided to lay witnesses, and that there were, therefore, none to produce. Because of this, the request has been fully answered.

Next, Plaintiff seeks a further response to its Second Request 1 for all current and former drafts of the West Pikeland

Township Comprehensive Plan.  Defendant responded by providing a website from which the 1999 Comprehensive Plan and the 2006 Addendum could be downloaded.  Further, Defendant objected that, beyond this, the request was overly broad and not relevant to a claim or defense.  In this instance, we disagree with Defendant.  Certainly it would be overly broad for Plaintiff to request every draft of every version of the Comprehensive Plan for West Pikeland Township, and the relevance of plans prior to the 1999 Plan is not apparent to this Court.  We do not, however, believe that it is overly burdensome or irrelevant for Plaintiff to seek drafts of the 1999 Comprehensive Plan or the 2006 Addendum if these documents exist.  Further, to the extent that Plaintiff objects to being provided with a website from which it can download the plans, it is entitled to a printed out, paper copy from Defendant.

   Turning to Second Request 4, Plaintiff is not entitled to the retainer agreement between Defendant and its attorney.  First, Defendant has appropriately objected, and we cannot see any relevance that the retainer agreement between Defendant and its attorney, which was entered into after the allegations in the Complaint occurred, has to a claim or defense in this case.  Further, Plaintiff's argument that Defendant has waived its attorney-client privilege by publicly acknowledging that it has retained Pepper Hamilton is utterly without merit.  Defendant,

9

therefore, need not produce any additional documents in response to Second Request 4.

In regard to Second Request 5, requesting all documents prepared by Defendant in connection with Plaintiff's property, it is unclear whether these documents have been received. Defendant informed Plaintiff that these documents were included in the electronic discovery provided on December 24, 2009. As there appear to be ongoing difficulties with electronic discovery, which will be more fully addressed below, we think it best at this point to refrain from requiring an additional response. After the electronic discovery has been fully received and reviewed, should Plaintiff still believe that it is entitled to additional production in response to this request, it can then return to this Court for an additional order.

Finally, with respect to Second Request 7, Defendant need not provide any further response. It seems, somewhat paradoxically, that Plaintiff seeks an order of admonishment against Defendant for producing a responsive document. Plaintiff seeks an "on the record explanation" for how Defendant found the produced document after it had informed Plaintiff that its exhaustive search had not turned up any documents. Instead, we believe that Defendant should be commended for producing the responsive documents even after it believed that it had concluded its search and had communicated this to Plaintiff. We trust that

the parties are continuing to act in good faith toward one another, and we are not willing to compel a further response from Defendant simply because Plaintiff seems suspicious of Defendant's motives. Defendant has fully responded to the request, and no order on this subject is necessary.

Second Depositions

Finally, Plaintiff seeks to re-depose several witnesses due to their failure to bring documents to their depositions as requested. Plaintiff has not sought sanctions against Defendant, nor, to this Court's knowledge, has it issued second notices of deposition or subpoenas for second depositions that it is now seeking to enforce. Rather, Plaintiff simply seeks an order from this Court authorizing a second deposition at Defendant's expense. We are unsure, however, of the grounds for granting such an order. Although Defendant does not deny that its witnesses did not produce the requested documents, Defendant has stated both that it informed Plaintiff prior to the depositions that it would not be able to produce all of the documents prior to the scheduled depositions, and that the documents have since been provided. Plaintiff has not alleged any particularly critical document or important issue that it wishes to explore during these second depositions, nor has it alleged any continuing harm other than not having its subpoenas fully followed. Due to the fact that this Court does not see any

prejudice that resulted from this failure, we are unsure of what purpose the second depositions would serve.[4] We, therefore, do not think it appropriate to grant Plaintiff's request at this point. Importantly, however, we take no position on whether Defendant's or its witnesses' responses to Plaintiff's notice of depositions and subpoenas duces tecum were complete or appropriate. Rather, we simply do not see any ground at this point for compelling a second round of depositions at Defendant's expense.

**Electronic Discovery**

Plaintiff also asserts that it has not received complete electronic discovery. It appears that Defendant supplied its electronic discovery to Plaintiff through an e-mail with attachments that would allow Plaintiff to download all of the documents. Upon receiving the e-mail, Plaintiff's counsel informed defense counsel that he was unable to access all of the information. Defense counsel states that he offered technical assistance, if necessary, to allow for Plaintiff to access all of the information sent, but states that Plaintiff's counsel informed him that the technical difficulty had been solved.

---

[4] We are not attempting to minimize the seriousness of this issue, but are merely trying to highlight the problem with Plaintiff's request as currently raised. Plaintiff has brought a Motion to Compel discovery, but Plaintiff has already deposed this group of witnesses, and has now received the requested documents. For this Court to compel further depositions, Plaintiff would need to demonstrate that these depositions would serve some purpose or aid the discovery process. As Plaintiff has not done so, we see no reason to compel additional depositions at this point.

12

Although Plaintiff asserts that Defendant's responses have been deficient in several areas, Defendant responds that these documents were all included in the electronic discovery. At this point it is unclear whether Plaintiff has received all of the documents that Defendant intended to send and still objects to what was produced, or if Plaintiff has only been able to receive a portion of the documents sent by Defendant. We think it best, therefore, to order Defendant to ensure that Plaintiff has received all of the intended discovery. We do not think it necessary to mandate the form in which Defendant chooses to do this, but suggest that Defendant either provide Plaintiff with an index of the produced documents, attempt to electronically send the information in another format, or simply print the electronic information and deliver it by mail. Following this, should Plaintiff still believe that additional production is warranted, it may return to this Court seeking an additional order.

**Defendant's Assertion of Privilege**

Finally, Plaintiff argues that Defendant has improperly raised a privilege objection to the production of e-mails, and, therefore, asserts that the e-mails all must be produced. It appears that Plaintiff does not contest that a privilege might apply, but, instead, contests the assertion solely on procedural grounds. In response, Defendant notes that the parties had agreed to produce their respective privilege logs at "a mutually

13

convenient time," as Defendant was in the process of producing 9000 pages of documents and approximately 2000 pages of e-mails. Plaintiff has not stated that the parties did not make such an agreement, and this Court, therefore, does not possess sufficient information to levy sanctions on Defendant for the delay in submitting its privilege log.  Further, as Plaintiff is now in possession of the privilege log, we do not see the need to enter any additional order on this topic, and Defendant will not be prevented from asserting a privilege to particular documents.

## **Conclusion**

Plaintiff's Motion is granted in part and denied in part. Defendant has fully and appropriately answered all of Plaintiff's interrogatories.  Although Defendant does need to supplement its response to Plaintiff's Second Document Request 1 and needs to ensure that Plaintiff has received all electronic discovery, in all other respects, Plaintiff's Motion is denied.  Further, we do not think that the present Motion raised appropriate grounds on which this Court can order a second deposition of several of Defendant's witnesses, and Plaintiff's request that this Court do so is denied.  Finally, we do not believe that Defendant has waived its objections or assertion of privilege, and, therefore, to the extent that the objections are found applicable, they are not waived.